# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ALBERT ALEXANDER AUSTIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned on July 6, 2006 upon a motion filed by the defendant on June 20, 2006 entitled, "Motion to Revoke Pretrial Detention Order". At the call of this matter on for hearing it appeared that the Government was present through Assistant United States Attorney, Donald Gast, and that the defendant and his counsel, John C. Hunter, were both present and from the evidence offered by the defendant and by the Government, the court makes the following findings:

**Findings**: The defendant was charged in a Bill of Indictment filed on March 1, 2006 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 4, 2006 a Superseding Bill of Indictment was filed charging the defendant with two separate counts of violations of 18 U.S.C. § 922(g)(1). On March 22, 2006 the undersigned entered an order detaining the defendant pending trial. The findings of the undersigned in that order are incorporated herein by reference as if fully set forth herein.

Evidence was presented by the defendant through his mother, Lorraine Austin. Ms. Austin testified that she was willing to act as a third-party custodian for the defendant and

that he could come and live in her home. Evidence was also presented by the defendant through the testimony of Shatara Hamilton. Ms. Hamilton testified that she was the fiancee of the defendant and that she and the defendant had been involved in a relationship for four years and as a result of that relationship that she had a child who is now age 19 months named Jyrus Alexander Hamilton. Ms. Hamilton testified that she has been working at Food Lion and that the defendant has been a good father to their child. Ms. Hamilton further testified that it would be helpful to her if the defendant were released on terms and conditions of pretrial release so that he could provide care for the minor child.

Other evidence was submitted by the defendant in the form of letters from Arnie Twitty in which Mr. Twitty states that he would give the defendant employment upon his release; a letter from Yvonne Patrick stating that the defendant was a good person and that he had always been respectful to her; a letter from Mr. & Mrs. Joe Williams stating that the defendant has a family and that he was trying very hard to get his life back on track; a letter from Bonita Harper of United Southern Industries stating that the defendant had worked for United Southern Industries in the past and that he had a positive personality and had gotten along well with his co-workers; and a letter from Lorraine Austin stating that she would agree to act as a third-party custodian for the defendant.

**Discussion**. The undersigned has reviewed all of the evidence presented in this matter, both on July 6, 2006 and the evidence presented in the former detention hearing presented in this matter. In the previous order of detention, the undersigned found that the

nature and circumstances of the offense charged do not involve a crime of violence. That finding was incorrect due to later precedent established in this district. In the case of <u>United States of America v Fred Edward Redmon</u>, 3:06cr92, Chief United States District Judge Richard L. Voorhees found that the crime of possession of a firearm by a convicted felon was to be considered as a crime of violence. The undersigned, through research, has considered the case of <u>United States of America v Allen</u>, 409 F.Supp. 2d 622(Maryland, 2006) in which the District Court in Maryland also found that being a felon in possession of a firearm was a crime of violence.

The undersigned has also considered the extensive criminal record of the defendant. The defendant has three separate felony convictions. The evidence in this matter showed that the defendant sold and delivered a firearm to another person at a time when he was on probation and also had been released on terms and conditions of pretrial release on pending criminal charges. Evidence was further presented that within the past year the defendant was involved in the shooting of a friend and acquaintance who was accidently shot by the defendant with a firearm. After going back and reconsidering all factors as set forth under 18 U.S.C. § 3142(g), the undersigned has again determined that the nature and seriousness of the danger to any other person or the community that would be posed by the defendant's release indicate there would be a serious risk of danger to any other person or the community that would be posed by the defendant's release. The criminal record of the defendant and his actions indicate and show that the defendant is a person who is incapable of being supervised and that the release of the defendant would merely allow him to commit other crimes. The

undersigned has considered the exhibits of the defendant and particularly the testimony of his mother and his fiancee and particularly the stated need that the defendant's son has to be with his father. However, the undersigned cannot be blind to the defendant's criminal record and to the fact that during the period of time when the defendant should have been with his son and his fiancee, the defendant was involved in the shooting of another female. The release of this defendant would just create too much of a danger to other persons in the community.

**ORDER**

IT IS, THEREFORE **ORDERED:**

1. That the defendant's motion entitled, "Motion to Revoke Pretrial Detention Order" is hereby **DENIED**.

2. That the defendant is hereby detained pending further orders of the court.

Signed: July 18, 2006

Dennis L. Howell
United States Magistrate Judge